## No. 3724.

PARKER & CO., for the use of, etc., *v.* J. P. HARRISON, SON & CO.

The defendants, merchants in New Orleans, were instructed to sell cotton, and send the money to care of W. W. Robertson, Glencoe, Mississippi, by the steamer Belle Lee. Defendants put the money in a package directed as advised, and sent it by one of their clerks to be put on board the Belle Lee, then at the wharf in New Orleans, and about to leave port. Within a short distance of the boat the clerk was knocked down, and robbed, while in an insensible condition, of the money and his gold watch. No recovery was ever made of the money:

Held—That, under the circumstances of the case, the defendants should sustain the loss, because the money was in their custody and under their control when the robbery occurred. It was out of the plaintiffs' power to prevent the act of the robber.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley,* J. *Labatt & Aroni,* for plaintiffs and appellees. *Semmes & Mott,* for defendants and appellants.

TALIAFERRO, J. This is a suit to make the defendants liable for the sum of $635 36, proceeds of thirteen bales of cotton sold by them as factors of the plaintiffs, which proceeds, in cash, the defendants, in pursuance of instructions from their principals, did send to be delivered to them, but owing to a casualty happening on the way never came to hand. The plaintiffs had judgment for $601 89. The defendants appealed.

The instructions to the merchants were to sell the cotton and send the money to care of W. W. Robertson, Glencoe, Mississippi, by the steamer

Belle Lee. The merchants put the money in a package directed as advised, and sent it by one of their clerks to be put on board the Belle Lee, then at the wharf in New Orleans, and about to leave .port. Within a short distance of the boat the clerk was knocked down, and robbed, while in an insensible condition, of the money and his gold watch. No recovery was ever made of the money. The question is, which party shall bear the loss?

Under the circumstances of this case we think the defendants should sustain the loss, because the money was in their custody and under their control when the robbery occurred. It was out of the plaintiffs' power to prevent the act of the robber. Greater caution on the part of the defendants might have prevented it. Had the money reached the boat and been put in charge of the clerk and under his safe keeping, in the usual manner in which remittances of the kind are made, then it would no longer have been in the possession and under the control of the defendants, and their risk would have been at an end. The plaintiffs' instructions to them to send the money by the Belle Lee would have been fully complied with.

This view of the case is sanctioned by the doctrine held by this court in the case of Johnson v. Martin, 11 An. 27. In that case the plaintiff sent a sum of money in bank notes inclosed in a letter directed to the defendant, which was deposited in his box in the postoffice. The letter was abstracted from the postoffice by a person who had formerly been in the employment of the defendant, but who had been previously discharged by him for dishonesty. The plaintiff sued to recover the amount thus lost from the defendant. Judge Lea, the organ of the court, said: "The plaintiff undertook to send a certain sum of money to the defendant. Until it is received, the latter can not be held accountable for it. At the time the robbery took place, it was no more under the defendant's control than that of the plaintiff, and though we are not prepared to say that under the peculiar circumstances of this case as disclosed by the evidence, the plaintiff himself was guilty of neglect, yet nothing in the record justifies the assumption that the defendant was bound to protect the plaintiff against acts of fraud or violence which might be perpetrated upon the postoffice by one who was not in his employ or under his control. We think the plaintiff is not entitled to claim from the defendant a reimbursement of the money of which he has been robbed by a third person, the act by which the loss was occasioned not being one which under the circumstances the defendant could reasonably have anticipated."

In the case at bar, we think the decree of the lower court in favor of the plaintiff was properly rendered.

Judgment affirmed.